UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RALPH BURST**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 20-374-JWD-SDJ**

**M/V XING XI HAI, et al.**

---

### ORDER SETTING SERVICE DEADLINE
### AND PERMITTING LIMITED DISCOVERY

---

The Court issued a Show Cause Order (R. Doc. 45) on May 19, 2022. Plaintiff timely responded on June 2, 2022. (R. Doc. 46). In his response, Plaintiff requests additional time to locate and serve the remaining Defendants. The Response also informally requests expedited discovery to learn the correct addresses of 2 of the unserved Defendants, who are located in China—Dalian Ocean Prosperity International Ship Management Company, Ltd. and China Minsheng Shipping Management Company, Ltd. (R. Doc. 46 at 2-3). However, this informal request was inappropriate, as a separate motion should have been filed. Plaintiff then waited nearly a month to file a Motion for Discovery (R. Doc. 51) under Rule 26(d)(1), requesting early discovery — i.e., prior to a Rule 26(f) conference — of information related to "service and/or information pertaining to insurance coverage." (R. Doc. 51 at 1). The Court considers both the Response to the Show Cause Order (R. Doc. 46) and the Motion for Discovery (R. Doc. 51) below.

Ordinarily, defendants must be served within 90 days after the complaint was filed. Fed. R. Civ. P. 4(m). But that deadline "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m). This does not mean the time for serving a foreign defendant is limitless or

that a district court is "left helpless when it wants to move a case along." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). Instead, most courts apply a "flexible due-diligence standard," finding dismissal appropriate where the plaintiff "has not demonstrated reasonable diligence in attempting service" on the foreign defendant. *Lozano*, 693 F.3d at 486-89.

Plaintiff filed this cause of action on June 16, 2020. (R. Doc. 1). It has been two years. In that time, Plaintiff has only managed to allegedly serve two of the six Defendants and no responsive pleadings have been filed. Because of this, a Scheduling Order has not been entered. Indeed, the Court has had to reset the Scheduling Conference eight times, and one has still not taken place. This is because Plaintiff has filed numerous Status Reports containing vague information about his efforts to perfect service on the remaining foreign Defendants. In each of the Status Reports, Plaintiff has requested at least another 90 days to perfect service. (R. Docs. 9, 12, 21, 31, 39, 41, 43). In the additional time provided by the Court, service has not been perfected.

Plaintiff's Response to the Show Cause Order is not inspiring. (R. Doc. 46). The Response does not indicate whether counsel "has sought alternative methods of service" on the unserved foreign Defendants. (R. Doc. 45 at 1). And it seems Plaintiff's counsel has only recently taken additional steps — consulting and enrolling a "seasoned maritime attorney" and moving for default against the 2 allegedly served Defendants — to move this case forward. (R. Doc. 46 at 3); (R. Doc. 47); (R. Doc. 48).[1]

These additional steps should have taken place earlier in this litigation which, again, has now been pending for 2 years. Indeed, the timing of these additional steps is consistent with the

---

[1] However, the Response is silent as to whether Plaintiff has taken any steps to ensure the 2 served Defendants — both Chinese Corporations — were *properly* served.

"clear record of delay" on the part of counsel.[2] *Sanchez v. Maverick Express Carriers, LLC*, 2021 WL 3598283, at *5 (W.D. Tex. July 13, 2021). Nonetheless, the Court will not, at this time, penalize Plaintiff himself for what appears to be his counsel's inaction. The Court will therefore give Plaintiff one **last attempt** to perfect service on the remaining unserved Defendants. *See Sanchez*, 2021 WL 3598283, at *5 (allowing plaintiff one last chance to prosecute his litigation, considering his counsel appeared responsible for considerable delays).

Finally, the Response also asks that Plaintiff be "allow[ed] . . . some extended time to file a Motion for Limited Discovery of non-party defendants, such as plaintiff's employer and the docking facility . . . in order to attempt to locate" the remaining unserved Defendants "so that service may be completed and this matter may be moved along." (R. Doc. 46 at 3). But whether to file a "motion for [early] discovery" is up to Plaintiff, and the informal request in the Response (R. Doc. 46 at 3) to the Show Cause Order (R. Doc. 45) is inappropriate.

Nearly a month after filing his Response (R. Doc. 46), Plaintiff filed a barebones Motion for Discovery (R. Doc. 51) on June 27, 2022. The Motion asks the Court to permit early discovery "for purposes of obtaining relevant information as to service of process and/or information pertaining to insurance coverage." (R. Doc. 51 at 1).

Relevant here,[3] a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Given that most parties remain unserved and none have appeared,

---

[2] As of now, it is unclear whether Plaintiff, too, is "personally responsible" for any delay. *Sanchez v. Maverick Express Carriers, LLC*, 2021 WL 3598283, at *5 (W.D. Tex. July 13, 2021) (courts should consider whether delay is caused by counsel, plaintiff, or both).

[3] The full text of Rule 26(d)(1) reads: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

a Rule 26(f) conference has not taken place, and the record does not support any stipulation for early discovery. And so, Plaintiff cannot conduct early discovery absent a Court order.

"[E]xpedited discovery is not the norm," and a party seeking it must establish good cause. *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016).[4] In analyzing good cause:

> [A] court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances. . . . The party seeking expedited discovery has the burden of establishing good cause and the scope of the requests must be narrowly tailored to the necessary information they seek.

*ELargo Holdings, LLC*, 318 F.R.D. at 61.

The current Motion for Discovery (R. Doc. 51) unfortunately does not contain any proposed discovery requests for the Court to review or even provide sufficient detail as to the substance of any potential requests. Without this information, the Court cannot even evaluate whether good cause exists to allow early discovery from non-parties. Indeed, the Motion does not even name the non-party (or non-parties) from whom discovery will be sought. Instead, the Motion simply states that discovery will be sought "for purposes of obtaining relevant information as to service of process and/or information pertaining to insurance coverage." (R. Doc. 51 at 1).[5]

Without more information, including any proposed discovery requests, the Court has no idea whether the early discovery Plaintiff seeks from unidentified nonparties is reasonable and narrowly tailored to the issues on which discovery would be sought. In other words, the Court cannot find good cause based on the current record.

---

[4] Whether good cause exists requires "consideration of such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the [recipient] to comply with the requests, and how far in advance of the typical discovery process the request was made." *ELargo Holdings, LLC*, 318 F.R.D. at 61.

[5] The record illuminates why Plaintiff would be seeking discovery related to service of process, but there is nothing to suggest why early discovery related to insurance might be necessary.

In his Response (R. Doc. 46) to the Court's Show Cause Order, Plaintiff does provide a bit more information than in his Motion for Discovery. Plaintiff's Response indicates he may seek early discovery from nonparties "such as plaintiff's employer and the docking facility . . . in order to attempt to locate" the remaining Defendants. (R. Doc. 46 at 3). But again, Plaintiff's Response does not identify either the employer or the docking facility, nor does it contain proposed discovery requests. And so, even considering the additional information in Plaintiff's Response, the Court cannot find good cause.

Beyond that, there is nothing to suggest that Plaintiff has attempted to contact his own employer, or the docking facility, for help in determining the locations of the various unserved Defendants, and that these non-parties have refused to provide the information requested without a subpoena. To be clear, nothing precludes Plaintiff from simply contacting these nonparties for information outside of formal discovery. *See Skout, Inc v. Jen Processing, Ltd*, 2014 WL 3897166, at *3 (N.D. Cal. Aug. 7, 2014) ("There is nothing in the record that suggests Plaintiff attempted to contact the proxy registration services prior to filing this motion. It may well be that inquiring of the proxy registration services without a court-issued subpoena will not be fruitful. But making such inquiries is not burdensome and until Plaintiff makes the inquiries . . . Plaintiff has [] failed to demonstrate that it made a sufficient effort to identify the owners or operators of the domain names at issue through reasonably available mechanisms prior to seeking leave to conduct early discovery.").

The vagueness and lack of effort demonstrated by the Motion for Discovery (R. Doc. 51) are consistent with counsel's lack of diligence throughout this litigation. Based on the information supplied in the Motion and the record, the Court cannot find good cause to allow early discovery. Therefore,

**IT IS ORDERED** that the Motion for Discovery (R. Doc. 51) is **DENIED**. If Plaintiff elects to refile, any renewed Motion should correct the errors cited by the Court.

Finally, despite the length of time this litigation has been pending, and counsel's clear record of delay, the Court will allow Plaintiff one last chance to serve process on the remaining Defendants. If Plaintiff fails to serve process, the Court will recommend dismissal. And so,

**IT IS ORDERED** that Plaintiff has an additional **60 days** from the date of this Order to **serve process** on any remaining foreign Defendant. **Failure** to **serve process** within the additional 60 days allowed will result in a **recommendation** of **dismissal**.

Signed in Baton Rouge, Louisiana, on July 5, 2022.

*[Signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**