UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RALPH BURST**                                         **CIVIL ACTION**

**VERSUS**                                              **NO. 20-374-JWD-SDJ**

**M/V XING XI HAI, et al.**

---

## NOTICE

Please take notice that the attached Report and Recommendation has been issued by the Magistrate Judge and filed with the Clerk of Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report and Recommendation to file any written objections to the proposed findings of fact, conclusions of law, and recommendations it sets forth. Failure to file written objections within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 3, 2023.

                                                                    *[signature]*

                                                                    **SCOTT D. JOHNSON**
                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RALPH BURST**                                                                 **CIVIL ACTION**

**VERSUS**                                                                          **NO. 20-374-JWD-SDJ**

**M/V XING XI HAI, et al.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case is before the Court on an Order to Show Cause (R. Doc. 45) and an Order setting a service deadline of September 5, 2022 (R. Doc. 52). That service deadline has long passed without any effort by Plaintiff's counsel to either show proof of service or seek additional time. Because Plaintiff failed to comply with the Court's Order (R. Doc. 52) or diligently prosecute this litigation for two and a half years,

**IT IS RECOMMENDED** below that Plaintiff's cause of action be **DISMISSED without prejudice** for failure to diligently complete service under Rule 4 and his failure to prosecute under to Rule 41(b)(1) (dismissal for failure to prosecute). *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

**I.     BACKGROUND**

Following an accident that occurred on June 19, 2017, Plaintiff filed this maritime tort action on June 16, 2020. (R. Docs. 1, 15). In his Complaint, Plaintiff named six foreign Defendants:

Sunshine Nautical SA, Dalian Ocean Prosperity International Ship Management Co. Ltd., China Minsheng Shipping Management Co. Ltd., Bernhard Schulte Shipmanagement (China) Company Ltd., Yin Sheng Yang, and M/V Xing XI Hai (a maritime vessel sued *in rem*). It has now been over two years. In that time, Plaintiff has only managed to serve two of the six Defendants—Bernhard Schulte and Yin Sheng Yang (R. Docs. 33 and 34), and no responsive pleadings have been filed. To this day, a Scheduling Order has not been entered. Indeed, the Court has had to reset the Scheduling Conference, which was originally set for September 10, 2020 (R. Doc. 3), eight times. One has still not taken place.

Ahead of nearly every Scheduling Conference, Plaintiff filed a Status Report requesting an additional 90 days to perfect service. (R. Docs. 9, 12, 21, 31, 39, 41, 43). The initial Status Report in September of 2020, claimed that Plaintiff continued to "monitor the location of the M/V Xing Xi Hai," which had "not been within this district, or any other district of the United States, since the commencement of this action." (R. Doc. 9 at 4). Since then, Plaintiff has not mentioned the M/V Xing Xi Hai in any filings, let alone provided any information regarding the execution of process under Supplemental Admiralty Rule C.

As for the remaining Defendants, all of whom are individuals and corporations in either Panama or China, each Status Report contained the same vague information regarding Plaintiff's efforts to perfect service abroad. (R. Docs. 9, 12, 21, 31, 39, 41, 43). Plaintiff explained that he had retained Ancillary Legal Services, "a firm that specializes in serving foreign defendants through the applicable international laws, including the Hague Convention." (R. Doc. 9 at 4); (R. Doc. 21 at 2); (R. Doc. 31 at 2); (R. Doc. 39 at 1); (R. Doc. 41 at 1-2); (R. Doc. 43 at 1).

Relevant here, "the United States and Panama are signatories to the Inter-American Convention on Letters Rogatory and its Additional Protocol (IACAP) — a pair of international

agreements" applicable to serving Sunshine Nautical, the only Defendant located in Panama. *Burst v. M/V Xing XI Hai*, 2021 WL 694814, at *1 (M.D. La. Feb. 23, 2021). But despite Ancillary's 'expertise' in service abroad, it still took nearly a year before "Plaintiff, at the request of Ancillary, [even] filed a Motion for Issuance of Letters Rogatory" (R. Doc. 21 at 2), as required to serve Sunshine Nautical in Panama using letters rogatory pursuant to the IACAP. *See Pizzabiocche v. Vinelli*, 772 F. Supp. 1245, 1249 (M.D. Fla. 1991) ("The Inter–American Convention states that it shall apply to letters rogatory" and "outlin[es] the procedures necessary to effectively use a letter rogatory"); *Washington State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877, at *8 n.6 (S.D.N.Y. Sept. 21, 2018) (to serve using letters rogatory, must "prepare[] an Inter-American Convention form (USM 272)" and then "obtain the necessary signatures and court seals," among other things). And to be clear, Sunshine Nautical has still not been served.

The remaining individual and corporate Defendants are in China. Both the United States and China are "parties to the Hague Service Convention," *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 2020 WL 5036085 (N.D. Cal. Aug. 19, 2020), a "multilateral treaty" intended to "simplify, standardize, and generally improve the process of serving documents abroad," *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017). And so, service on any Defendants located in China would have to comply with the Hague Convention. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("compliance with the Convention is mandatory in all cases to which it applies.").

Concerning service in China, Plaintiff failed to even submit Summons for any Defendant for more than 3 months after his case was filed on June 16, 2020. (R. Doc. 7). He then sought leave to amend on January 7, 2021, explaining in a contemporaneous Status Report that leave was necessary to facilitate service in China on certain Defendants that were incorrectly named in the

Complaint. (R. Doc. 12 at 2) (Ancillary advised Plaintiff of clerical errors that "need[ed] to be rectified in order that the entities . . . would be willing to accept service."). Critically, the January 7, 2021 Status Report gave no indication that service in China had ever been attempted on any Defendant—even those correctly identified in the Complaint—in the 6-plus months the case had been pending. And although the Court granted leave (R. Doc. 13) and entered the Amended Complaint (R. Doc. 15) just a day later, the majority of the Defendants located in China still remain unserved as of this writing.

In his many Status Reports, Plaintiff refers to difficulties with the addresses of some Defendants in China but did not include a single detail on his actual efforts to locate the correct address of any Defendant. Instead, Plaintiff's counsel proceeded to file 7 nearly identical and barebones Status Reports, repeatedly advising the Court of the same roadblocks. (R. Docs. 9, 12, 21, 31, 39, 41, 43). Finally, each Status Report ended with Plaintiff reiterating that he remained "hopeful that service on all of the *in personam* Defendants may be or will be accomplished within the next 90 days, and respectfully request[ing] that the . . . scheduling conference be rescheduled on or about 90 days." (R. Doc. 31 at 3). The additional time sought was always provided.

In all, Plaintiff requested at least 630 additional days. In that time, Plaintiff accomplished nothing with respect to 4 of the foreign Defendants — Sunshine Nautical, Dalian Ocean, China Minsheng, and M/V Xing XI Hai — all of whom have still not been served. And while Plaintiff eventually filed proof of service indicating that Bernhardt Schulte and Yin Sheng Yang were served in China on April 15, 2021 (R. Docs. 33 and 34), neither Defendant has answered or otherwise made an appearance in now almost 2 years. Because of this, the Court issued a Show Cause Order (R. Doc. 45) on May 19, 2022.

Plaintiff timely responded to the Show Cause Order on June 2, 2022. (R. Doc. 46). In his Response, Plaintiff again requested additional time to locate and serve the remaining corporate and individual Defendants in China and Panama — Sunshine Nautical, Dalian Ocean, and China Minsheng.[1] Plaintiff's Response again did not reference the M/V Xing XI Hai, the vessel which Plaintiff sued *in rem* and claims is "subject to seizure" under Supplemental Admiralty Rule C. (R. Doc. 15 at 2, 6).[2]

Following his Response, Plaintiff also moved for default against the two served Defendants — Bernhardt Schulte and Yin Sheng Yang. Again, both Defendants were served in China on April 15, 2021. (R. Docs. 33, 34). However, Plaintiff waited almost a year before finally moving for default on June 21, 2022 (R. Doc. 48),[3] and only did so after being prompted by the Court (R. Doc. 45 at 1) ("Plaintiff has not sought default against either of the allegedly served Defendants.").

---

[1] The Response also informally requested expedited discovery to learn the correct addresses of 2 of the unserved Defendants, both of whom are in China — Dalian Ocean Prosperity International Ship Management Company, Ltd. and China Minsheng Shipping Management Company, Ltd. (R. Doc. 46 at 2-3). However, this informal request was inappropriate, as a separate motion should have been filed. Plaintiff then waited nearly a month before filing an actual Motion for Discovery (R. Doc. 51) on June 27, 2022. At that point, it had been 2 years since this case was filed and 21 months since Plaintiff first mentioned he was still "investigating proper addresses for the foreign Defendants." (R. Doc. 9 at 4). Dilatoriness aside, he was now seeking early discovery under Rule 26(d)(1) of information related to "service and/or information pertaining to insurance coverage." (R. Doc. 51 at 1).

The Court denied Plaintiff's request for discovery as he failed to show good cause. (R. Doc. 52). However, it advised that "nothing preclude[d] Plaintiff from simply contacting [] nonparties for information outside of formal discovery." (R. Doc. 52 at 5). Beyond that, the Court made clear that Plaintiff could file a renewed motion containing information sufficient to show good cause for early discovery. (R. Doc. 52 at 6) ("If Plaintiff elects to refile, any renewed Motion should correct the errors cited by the Court."). It has now been 6 months. Plaintiff has not renewed his motion for early discovery.

[2] The Complaint does, however, ask that "issuance and delivery of the process *in rem* be held in abeyance" against the M/V Xing XI Hai under Rule E(3)(b). (R. Doc. 15 at 6). Nonetheless, since the filing of the Complaint, Plaintiff has not mentioned any efforts to execute process or otherwise prosecute his cause of action against the M/V Xing XI Hai.

[3] Rule 12(a)(1)(A)(ii) gives a defendant served "outside any judicial district of the United States" 90 days to serve a "responsive pleading." And so, the two Defendants served in China on April 15, 2021 had until July 14, 2021 to file responsive pleadings.

After reviewing Plaintiff's Show Cause Response (R. Doc. 46), the Court issued an Order giving Plaintiff "**one last chance**" to execute process on the remaining foreign Defendants and otherwise prosecute this litigation. Specifically, the Court gave Plaintiff an additional 60 days — until September 5, 2022 — to serve or execute process on the remaining Defendants. (R. Doc. 52 at 6). Plaintiff was then explicitly instructed to file proof of service by that date, or "the Court [would] recommend dismissal." (R. Doc. 52 at 6). Plaintiff failed to file proof of service by the deadline and has instead been radio-silent since the Court's July 5, 2022 Order.

## II. APPLICABLE LAW

Rule 41(b) of the Federal Rules of Civil Procedure allows a district court to dismiss an action if the plaintiff fails to prosecute or comply with a court order. *See also* Local Rule 41(b). A district court may likewise dismiss a complaint without prejudice under Rule 4(f) for a plaintiff's failure to diligently complete service on a foreign defendant. *See Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) ("Because district courts need to be able to control their dockets, Rule 4(f) authorizes a without-prejudice dismissal when . . . the plaintiff has not demonstrated reasonable diligence in attempting service.").

"However, when the applicable statute of limitations likely bars future litigation," as is likely the case here (R. Doc. 15 at 4) (accident occurred June 19, 2017),[4] "the Fifth Circuit reviews a district court's dismissal under Rule 4 by applying the standard applicable to a with-prejudice dismissal." *Lucero v. Caterpillar Inc.*, 2022 WL 17718518, at *3 (N.D. Tex. Dec. 15, 2022); *see also Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976) (same). And so, while the

---

[4] Plaintiff has never addressed the statute of limitations applicable to his claim for negligence. However, the Court assumes the 3-year limitations period for maritime torts applies here. See *Logwood v. Appollo Marine Specialists, Inc.*, 772 F. Supp. 925, 926 (E.D. La. 1991) (section 905(b) of the LHWCA adopts the "three-year statute of limitations" found in 46 U.S.C. § 763a.).

recommendation is for dismissal without prejudice,[5] the Court will nonetheless apply the "standard applicable to a with-prejudice dismissal." *Lozano*, 693 F.3d at 489.

Dismissal with prejudice is appropriate when there is a "clear record of delay or contumacious conduct," *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021), and "lesser sanctions would not serve the best interests of justice," *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982); *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("lesser sanctions would not prompt diligent prosecution, or . . . lesser sanctions [already] proved to be futile"). In most cases, courts have also found the presence of "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell*, 988 F.3d at 802.

### III.  DISCUSSION

In the two and a half years this case has been pending, Plaintiff has not completed service on 4 of the 6 Defendants, failing to meet the deadline eventually set by the Court. And he has never sought a default judgment against the only 2 served Defendants. Therefore, as explained below, the Court must **recommend** that Plaintiff's cause of action be **dismissed without prejudice** for failure to complete service abroad or otherwise prosecute this litigation for two and a half years. *See Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (clear record of delay constituted by "significant periods of total inactivity"); *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir.1987) (clear record of delay where plaintiff did nothing to prosecute her case for over two years, despite warnings of dismissal).

---

[5]An involuntary dismissal under Rule 41(b) is with prejudice unless the Court states otherwise. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal is with prejudice unless stated otherwise). But most of this case is being dismissed under Rule 4, as Plaintiff failed to perfect service on 4 of the 6 Defendants. And a dismissal under Rule 4 is generally without prejudice. *See Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) ("Rule 4(f) authorizes a without-prejudice dismissal"). For that reason, the Court has recommended that dismissal of the entire action be without prejudice.

### A. Clear Record of Delay in Serving Four Remaining Defendants

Rule 4(f) of the Federal Rules of Civil Procedure[6] authorizes the following methods of service abroad:

> (1) by any internationally agreed means of service . . . such as those authorized by the Hague Convention[;] . . . (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice[;] . . . or (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3). The first "gives effect to the Hague Convention" and other international agreements, the second "provides options when internationally agreed process methods are not intended to be exclusive or when no international agreement is applicable," and the third "serves as a safety valve for unanticipated situations." 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1133 (4th ed. 2020).

Ordinarily, Rule 4(m) requires that service be perfected within 90 days of the Complaint. However, this 90-day period "does not apply to service in a foreign country." Fed. R. Civ. P. 4(m). Yet despite the absence of a set period, the time for serving a defendant abroad is not unlimited, nor is a district court "left helpless when it wants to move a case along." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012); *see also Brand Q, Inc. v. Shengzhou Europac Neckwear Co.*, 2022 WL 16894876, at *1 (C.D. Cal. Aug. 10, 2022) ("Although Rule 4(m) may not apply to Defendants if Plaintiff attempts to serve them abroad, Plaintiff still has a responsibility to diligently prosecute its case against them."). Indeed, a court may even set a reasonable time limit for service in a foreign country. *See Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (Nothing "preclude[s] the court from setting a reasonable time limit for

---

[6] "The provisions of Rule 4(f) are not triggered by the citizenship of the defendant being served, but rather by the place in which service is effected." *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018).

service in a foreign country to properly manage a civil case."); *Baja Dev., LLC, v. TSD Loreto Partners*, 2009 WL 276250, at *2 (D. Ariz. Aug. 28, 2009) (imposing "reasonable" limit to serve foreign defendant after plaintiff failed to explain delay in service).

Here, the Court did just that, eventually requiring Plaintiff to file proof of service on the remaining foreign Defendants by September 5, 2022. He failed to comply. What's more, Plaintiff did not take any other action within that deadline. He did not seek an extension, or even file a notice or status report updating the Court on his latest efforts to perfect service abroad. This conduct is consistent with counsel's dilatoriness throughout this litigation, as detailed above.

Ultimately, Plaintiff's failure to comply with the Court-ordered service deadline requires a recommendation that his claims against the 4 unserved Defendants be dismissed. *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal")); *McKeithen v. Comm'r of Soc. Sec. Admin.*, 2022 WL 3333548, at *2 (M.D. La. July 20, 2022) (dismissing litigation for failure to prosecute under Local Rule 41(b) where "Plaintiff failed to comply with the Court's Scheduling Order, has failed for over 8 months to seek leave to file her memorandum out of time, and failed to comply with . . . the Court's Show Cause Order").

But even absent Plaintiff's failure to comply with the Court's service deadline, it would still recommend dismissal. The record here demonstrates a near-complete lack of effort by Plaintiff's counsel[7] to perfect service for the past two and a half years. *See Booker v. Reyes*, 2021

---

[7] In its Order requiring service by September 5, 2022 (R. Doc. 52 at 6), the Court made clear that Plaintiff was only being given "one last chance" because the record only contained information that Plaintiff's attorney had caused the delay, and not Plaintiff personally. The Court also warned counsel that his client's case would be dismissed if he did not comply. Despite this warning, Plaintiff's counsel not only failed to complete service within the deadline, he failed to take any action. Counsel did not seek an extension. He filed no notice or status report that might inform the Court of his service efforts or the current status of service abroad. *See Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1986) (affirming dismissal: "Although nothing in the record indicates that Price herself was at fault (instead her

WL 3173581, at *6 (M.D. La. July 26, 2021) ("Dismissal without-prejudice is warranted when . . . plaintiff has not demonstrated reasonable diligence in attempting service" on the foreign defendant.).

When considering dismissal for failure to serve a foreign defendant, the Fifth Circuit instructs courts to apply a "flexible due-diligence standard," advising that "good faith and reasonable dispatch are the proper yardsticks." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012). Applying that standard here, the record makes clear that Plaintiff "has not demonstrated reasonable diligence." *Lozano*, 693 F.3d at 486-89; *see also Harris v. Orange S.A.*, 636 F. App'x 476, 485-86 (11th Cir. 2015) ("majority of circuits to have considered the issue [hold] that a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant").

As previously discussed, Plaintiff's 7 Status Reports (R. Doc. 9, 12, 21, 31, 39, 41, 43) contain little information regarding either his efforts to perfect service abroad or the obstacles he encountered. *See Armenian v. Baliacas*, 2022 WL 3356525, at *4 (C.D. Cal. Aug. 15, 2022) (dismissing for failure to serve foreign defendants and noting plaintiffs had "not provided sufficient explanation of what actions they took to attempt to serve Defendants during the preceding two years."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (finding plaintiff unreasonably delayed the action because he provided "no clear explanations of what actions he really took during the relevant time periods"); *United States v. Eisenmann Se*, 2021 WL 2073814, at *1 (N.D. Cal. Apr. 20, 2021) (dismissing for plaintiff's failure to meet a court-ordered deadline for serving foreign defendant and noting "a court may dismiss a suit if service in a foreign

---

attorney seemed to be the problem) . . . [t]he presence of one aggravating factor, along with the record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice.).

country is not pursued in a diligent fashion"). Beyond that, Plaintiff's anemic Response to the Show Cause Order was as vague and uninformative as his many Status Reports.

For example, Plaintiff claimed that service through internationally-agreed means was constantly delayed, but his Response failed to indicate whether counsel had ever "sought alternative methods of service." (R. Doc. 45 at 1). While "compliance with the [Hague] Convention is [generally] mandatory," *Schlunk*, 486 U.S. at 705, nothing precluded Plaintiff from filing a motion seeking alternative methods of service under Rule 4(f)(3) for any Defendants located in China. *See In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *2 (S.D.N.Y. Sept. 20, 2021) (plaintiff showed they "reasonably attempted" to serve defendants in India pursuant to the Hague Convention but had been unsuccessful for several months; court would therefore grant plaintiff's motion for alternative method of service under Rule 4(f)(3)).

By contrast, the Inter-American Convention did not foreclose alternative methods for service in Panama. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 639, 647 (5th Cir. 1994) ("("The [Inter-American] Convention does indeed merely state that it shall apply to letters rogatory, rather than to any and all means of serving process. In contrast, the Hague Service Convention — by its own terms — applies in all cases, in civil or commercial matters, where there is occasion to transmit a judicial document for service abroad. . . . We simply hold that the Inter–American Convention on Letters Rogatory does not foreclose other methods of service . . . .").

Next, the Court has no information suggesting Plaintiff explored whether any foreign Defendant could be served within a judicial district of the United States. If so, the service provisions of Rule 4(f) would not have applied, allowing Plaintiff to avoid the delays of foreign service. In that case, any method of service authorized by Rule 4(e) (individuals) or Rule 4(h)(1) (corporations) could have been pursued. *See James Avery Craftsman, Inc. v. Sam Moon Trading*

*Enterprises, Ltd.*, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) ("The provisions of Rule 4(f) are not triggered by the citizenship of the defendant being served, but rather by the place in which service is effected."); *Calista Enterprises Ltd. v. Tenza Trading Ltd.*, 2014 WL 4214876 (D. Or. 2014) ("If service is effected domestically, then the Hague Service Convention does not apply."); *Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 478 (S.D. Tex. 1995) ("However, if a foreign defendant can be served under state law without transmitting documents abroad, the Hague Convention is inapplicable.").

But assuming service had to be made abroad, the Court is still unaware if Plaintiff ever requested that any individual or corporate Defendant waive formal service. A waiver under Rule 4(d)(1) would have also avoided the alleged obstacles of perfecting service outside the United States, including the need to comply with the mandatory provisions of the Hague Convention for Defendants located in China.[8] *See* Fed. R. Civ. P. 4(d)(1) ("individual, corporation, or association that is subject to service under Rule 4[(f)]" may nonetheless waive service); 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1134 (4th ed. 2020) ("[N]either the Hague Convention nor Rule 4(f) negates a party's ability to request a waiver of formal service under Rule 4(d). Indeed, Rule 4(d) may prove particularly advantageous when service is to be made outside the United States.").

Beyond all this, Plaintiff's Response to the Show Cause Order made on thing clear: his attorney began taking additional steps to move this case forward — consulting and enrolling a "seasoned maritime attorney" and eventually moving for default against the 2 served Defendants

---

[8] Plaintiff has claimed to not know the addresses of certain Defendants located in China. It must be pointed out that there are generally 2 instances where the Hague Convention does not apply: "cases where the address of the person to be served is unknown, and cases that do not require the transmission of judicial documents abroad." *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 411 (N.D. Tex. 2020). It is not clear whether Plaintiff knows of this exception.

— only *after* receiving the Court's May 2022 Show Cause Order. (R. Doc. 46 at 3); (R. Doc. 47); (R. Doc. 48).[9]

Unfortunately, the steps taken were not even effective. No progress on service has been made since Plaintiff enrolled "a seasoned maritime attorney with experience with foreign vessels and entities." (R. Doc. 46 at 3) (new co-counsel meant to "assist in finding the unserved defendants, completing service on them and in the handling of this case"). And there has been no default judgment. Something more should have been done earlier in this litigation which, again, has now been pending for over two and a half years. Indeed, the timing of the additional steps taken by Plaintiff's counsel—i.e., after the Court's Show Cause Order— is consistent with counsel's "clear record of delay." *Sanchez v. Maverick Express Carriers, LLC*, 2021 WL 3598283, at *5 (W.D. Tex. July 13, 2021).

The Court must therefore recommend dismissal of the following Defendants for failure to prefect service abroad or otherwise execute process after two and a half years: Sunshine Nautical, Dalian Ocean Prosperity International Ship Management Co. Ltd., China Minsheng Shipping Management Co. Ltd., and the M/V Xing XI Hai.[10] *See Armenian v. Baliacas*, 2022 WL 3356525, at *3 (C.D. Cal. Aug. 15, 2022) ("a court may dismiss a suit if service in a foreign country is not pursued in a diligent fashion."); *United States v. Eisenmann Se*, 2021 WL 2073814, at *1 (N.D. Cal. Apr. 20, 2021) (dismissing plaintiffs' case for failure to meet a court-ordered service deadline); *Norton v. Belarus Mach. of USA, Inc.*, 2005 WL 1421166, at *2 (M.D. Ala. June 9, 2005) ("[D]ismissal without prejudice is appropriate for failure of Plaintiff to prosecute her action

---

[9] However, the Response is silent as to whether Plaintiff has taken any steps to ensure the 2 served Defendants — both of whom are located in China — were *properly* served.

[10] Again, Plaintiff has made no mention of executing process on the M/V Xing XI Hai since the filing of his Complaint (R. Doc. 15), which asks that "issuance and delivery of the process *in rem* be held in abeyance" under Supplemental Admiralty Rule E(3)(b). (R. Doc. 15 at 6).

against" the foreign defendants. "Due diligence to serve these two [foreign] Defendants has not been exercised by Plaintiff during the two-year span of this litigation.").

### B.    Clear Record of Delay in Seeking Default Judgment

And while Plaintiff did move for default (R. Doc. 48) against the two served Defendants — Bernhardt Schulte and Yin Sheng Yang (R. Docs. 33, 34) — it took almost a year after service to do so. What's more, the record also makes clear that Plaintiff failed to then seek a default judgment after the Clerk's Entry of Default on June 22, 2022 (R. Doc. 50). Under this Court's Local Rule 55, a "judgment of default shall not be entered until fourteen days after entry of default." Therefore, Plaintiff has had since July 6, 2022, to move for a default judgment — over 6 months, as of this writing. Unfortunately, nothing has been done.

Bernhard and Yang were sued in June of 2020, not served until April of 2021, and finally defaulted in June of 2022. This timeline includes multiple periods of total inactivity. And because Plaintiff has now failed to seek a default judgment over several months, the Court must recommend dismissal of his claims against Bernhardt Schulte and Yin Sheng Yang for failure to prosecute under Rule 41(b). *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) ("A dismissal for failure to file a motion for default judgment is equivalent to a dismissal for failure to prosecute.") *Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194-96 (3d Cir. 2010) (although counsel and not plaintiff was at fault, dismissal for failure to prosecute was appropriate where there was a clear record of delay over a period of years, and counsel never attempted to confirm service on non-responsive defendants and never sought default judgment).

C. **Lesser Sanctions Not Warranted**

The Court is aware that the statute of limitations[11] may bar Plaintiff from refiling his suit for "negligence under [§] 905(b) of the Longshore and Harbor Worker's Compensation Act," (R. Doc. 9 at 1), effectively making this dismissal one with prejudice. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("If the applicable statute of limitations likely bars future litigation, a district court's dismissal . . . should be reviewed under the same heightened standard used to review a dismissal with prejudice."). And while this is a drastic sanction, counsel's total inaction can lead the Court to only one conclusion — a lesser sanction would not serve the interests of justice. *See Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1520 (5th Cir. 1985) (dismissing for failure to prosecute and finding a less drastic sanction was not warranted as "the district court accommodated Callip by providing additional time in which to comply" at least 5 times and "[s]till, Callip failed"); *Armenian v. Baliacas*, 2022 WL 3356525, at *5 (C.D. Cal. Aug. 15, 2022) ("[T]he availability of less drastic sanctions also weighs in favor of dismissal because the court has already . . . granted three of Plaintiffs' requested extensions, providing Plaintiffs with a substantial period of time . . . to effect service on Defendants." And the "court notified Plaintiffs that failure to comply with the [show] [cause] order may result in dismissal"); *Lewis v. Vollmer of America*, 2007 WL 1545661, at *1, *2 (W.D. Pa. May 25, 2007) ("the time . . . to make service was not without limit" and where plaintiff "made only six attempts in thirteen months since the complaint was filed," court would dismiss foreign defendants because "plaintiff's suspension of his efforts to ensure that service was made as soon as possible is probative of plaintiff's failure to act in a diligent manner"); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013)

---

[11] Plaintiff has never addressed the statute of limitations applicable to his claim for negligence. However, the Court assumes the 3-year limitations period for maritime torts applies here. *See Logwood v. Appollo Marine Specialists, Inc.*, 772 F. Supp. 925, 926 (E.D. La. 1991) (section 905(b) of the LHWCA adopts the "three-year statute of limitations" found in 46 U.S.C. § 763a.).

("Because the district court's warning of dismissal and grant of extensions accompanied by generous allotments of time did not influence Thrasher to effect service properly, we cannot say that the district court abused its discretion in dismissing Thrasher's claim."); *Gines Dominguez v. Osorio*, 2018 WL 745822, at *5 (C.D. Cal. Oct. 18, 2018) (dismissing plaintiffs' claims for failing to serve foreign defendants after two years); *City Drinker, Inc. v. Kodali*, 2014 WL 12608565, at *2 (C.D. Cal. Dec. 10, 2014) (dismissing plaintiffs' claims for failing to serve foreign defendants after one year; plaintiff's "failure to timely serve the foreign defendants, has not only threatened to cause these proceedings to come to a complete halt, but has also allowed [plaintiff] to control the pace of the docket rather than the Court"); *Botelho v. Monetary Mgmt. of California, Inc.*, 2022 WL 3142110, at *2 (E.D. Cal. Aug. 5, 2022) (sanction less drastic than dismissal not warranted where case had "already been delayed by plaintiff's failure to take the steps necessary to move it forward" and the court had "already attempted less drastic alternatives," giving plaintiff an "opportunity to explain why she had not taken steps to move this case forward after two years").

### D. Prejudice Results from the Delay

What's more, the length of delay in service will undoubtably prejudice Defendants in responding to Plaintiff's suit for negligence, which involves an accident that occurred on June 19, 2017. *See Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir.1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law"); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982) (same); *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 67 (S.D.N.Y.1989) (two year delay "with no end in sight" is evidence of prejudice to defendants); *Botelho v. Monetary Mgmt. of California, Inc.*, 2022 WL 3142110, at *2 (E.D. Cal. Aug. 5, 2022) (after 2 years, prejudice to defendants also "favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to prepare their defense; with the passage of time, witnesses'

memories fade and evidence becomes stale"); *Veazey v. Young's Yatch Sale and Service, Inc.*, 644 F.2d 475, 478 (5th Cir. 1981) (dismissing where some defendants still remained unserved due to counsel's inaction and explaining a "delay between filing and service [is] more likely to result in prejudice" as the defendants are "not put on formal notice and allowed a full opportunity to discovery and preserve relevant evidence" while it is "still relatively fresh").

## IV.   CONCLUSION

Plaintiff filed this cause of action on June 16, 2020. (R. Doc. 1). It has been over two and a half years. In that time, Plaintiff's counsel has only managed to serve two of the six Defendants and no responsive pleadings have been filed, despite the Court allowing the 7 extensions sought by Plaintiff and eventually warning him that dismissal would occur. While the Court is mindful that Plaintiff's counsel, and not Plaintiff, appears responsible for the delay, in this situation "a lesser sanction would not better serve the interests of justice." *Veazey v. Young's Yatch Sale and Service, Inc.*, 644 F.2d 475, 478 (5th Cir. 1981); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). And so,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED without prejudice** for failure to complete service or otherwise prosecute this litigation under Rule 4(f) (service abroad) and Rule 41(b) (involuntary dismissal for failure to prosecute) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on February 3, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**